IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ROBERT DEMOS, | No. C 13-0017 CW (PR) |
| Petitioner, | ORDER OF DISMISSAL |
| v. | |
| U.S. SECRETARY OF DEFENSE, | |
| Respondent. | |

_____/

Petitioner, a state prisoner incarcerated at the Clallam Bay Correctional Center in Washington, has filed a pro se petition for a writ of habeas corpus which he appears to bring pursuant to both 28 U.S.C. § 2241 and 28 U.S.C. § 2254.  According to the allegations in the petition, Petitioner was convicted of state charges of robbery and assault in Yakima County Superior Court, Washington, in 1974 and sentenced to twenty years in state prison. Additionally, he was tried and found guilty under the Uniform Military Code of Justice in two different United States Military courts in 1974 and 1978, and was sentenced to serve his time in a Washington state prison.  Further, he was convicted in King County Superior Court, Washington, of a crime for which he was sentenced to life in prison.

In the present petition, Petitioner claims that his retention in state prison for the violation of military law is unlawful.  As noted, Petitioner apparently is attempting to bring this petition pursuant to both 28 U.S.C. § 2241 and 28 U.S.C. § 2254.  However, this Court does not have jurisdiction over the petition under either statute.

Under 28 U.S.C. § 2241, a federal court has the authority to entertain a petition for a writ of habeas corpus brought by a petitioner who is within the court's jurisdiction at the time the petition is filed. See 28 U.S.C. § 2241(a); Rumsfeld v. Padilla, 542 U.S. 426, 442 (2004) ("District courts are limited to granting habeas relief 'within their respective jurisdictions.'" (quoting 28 U.S.C. § 2241(a)). A federal petition for a writ of habeas corpus made by a person in custody under the judgment and sentence of a state court is properly filed in either the district of confinement or the district of conviction. 28 U.S.C. § 2241(d).

Here, Petitioner neither was convicted nor is confined in California. Thus, the Court does not have jurisdiction over the petition. In its discretion, the Court could transfer the petition to the district court in Washington:

> Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action could have been brought . . . .

28 U.S.C. § 1631. The Court is aware, however, that Petitioner is a frequent filer in numerous courts across the country, and that he recently has filed several other habeas petitions challenging his conviction. See, e.g., Demos v. U.S. Secretary of Defense, et al., Case No. 1:12-cv-12398-PBS (D. Mass.) (filed Dec. 27, 2012); Demos v. U.S. Secretary of Defense, et al., Case No. 2:12-cv-07203-SD (E.D. Pa.) (filed Dec. 26, 2012); Demos v. Holder, et al., Case No. 1:12-cv-03715-CCB (D. Md.) (filed Dec. 18, 2012). Further, he currently has pending in the Western District of Washington a § 2241 petition that has been construed as a § 2254 habeas petition because he is a state prisoner. See Demos v.

2

Holder, et al., Case No. 2:12-cv-02137-JCC (W.D. Wa.) (filed Dec. 10, 2012).

Based on the above, the Court finds that it is not in the interest of justice to transfer the petition.  Accordingly, the petition is DENIED without prejudice and is DISMISSED for lack of jurisdiction.

The Clerk of the Court shall terminate all pending motions in the present action, enter judgment and close the file.

IT IS SO ORDERED.

Dated:  1/8/2013

CLAUDIA WILKEN
United States District Judge